**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18CR00151 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| -vs- | : | |
| | : | |
| MICHAEL G. MALVASI, | : | **MICHAEL MALVASI'S SENTENCING** |
| | : | **MEMORANDUM** |
| Defendant. | : | |

Defendant, through counsel, respectfully submits the attached sentencing memorandum for the Court's consideration at sentencing. For the reasons set forth therein, Mr. Malvasi requests a probationary sentence, which is sufficient but not greater than necessary to achieve the purposes in 18 U.S.C. §3553(a).

                                                     Respectfully submitted,

                                                      STEPHEN C. NEWMAN
                                                      Federal Public Defender
                                                      Ohio Bar: 0051928

                                                      */s/Charles E. Fleming*_____
                                                      CHARLES E. FLEMING
                                                      Assistant Federal Public Defender
                                                      Ohio Bar: 0046778
                                                      1660 West Second Street, Suite #750
                                                      Cleveland, OH 44113
                                                      (216) 522-4856 Fax: (216)522-4321
                                                      E-mail: charles_fleming@fd.org

**MEMORANDUM**

**I.    Background**

Michael Malvasi pled guilty to one count of possessing a firearm and ammunition after being convicted of a felony. The Court ordered the preparation of a presentence report ("PSR"). The second draft of the PSR was filed on December 20, 2018. (R. 24, PSR dated 12/20/18).

Mr. Malvasi is 56 years old. He has three children—a 28-year-old son, a 25-year-old daughter who is a professor at Youngstown State, and a 16-year-old daughter who is in high school. PSR ¶ 43. His wife describes him as "a great father, a very giving man, he would do anything for anyone. He has the biggest heart." *Id.* ¶ 45.

Mr. Malvasi began collecting guns in the early 1980s, as a teenager, and at one time owned over 50 guns. *Id.* ¶ 19. The gun at issue was purchased when he was 19 years old. *Id.* (See Exhibit A, Firearm Trace Summary).  When he was charged with a felony in 2004, he believed he had all the guns removed from his house but the instant gun was inadvertently forgotten.  It was in the basement rafters; also overlooked was ammunition found in a storage closet, which also contained relics from his childhood (such as a train set).[1] *Id.* ¶¶ 10, 19. No weapon was found that matched the forgotten ammunition; no ammunition was found that matched the forgotten gun.  Nonetheless, Mr. Malvasi recognizes that he was responsible for making sure he had no guns or ammunition in the house; he accepts responsibility for not doing so. *Id.* ¶ 19.

While on pretrial release, Mr Malvasi tested positive for illicit drugs. After positive and diluted urine samples, the Court ordered that he participate in a 30-day inpatient treatment program

---

[1] The gun and ammunition were found during the execution of a state search warrant, which was unrelated to Mr. Malvasi.

at Community Assessment and Treatment Services. *Id.* ¶ 5. On about December 20, 2018, he completed the program successfully. *Id.*

For over 30 years, Mr. Malvasi has owned and worked for his own businesses, first at a landfill, then as a road grinder, and most recently in vending. *Id.* ¶¶ 55-57. He has two previous convictions for tax offenses, and he successfully completed his probation and supervised-release terms. *Id.* ¶¶ 33-34. He and his wife live separately, but he assists her with paying her mortgage, and both of them are financially responsible for their children. *Id.* ¶ 45.

**II.     Law & Analysis**

The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85, 101 (2007). With this in mind, Mr. Malvasi turns to the applicable sentencing factors in this case. He requests that the Court consider the following factors when imposing the *lowest* sentence necessary to achieve the four statutory purposes of sentencing: justice, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2); Kimbrough, 552 U.S. at 101.

A probationary sentence is appropriate under the unique circumstances of this offense, and taking into consideration Mr. Malvasi's history and characteristics. Although the advisory guidelines range is 27 to 33 months in prison, a downward variance to a probationary sentence better reflects the minimal risk Mr. Malvasi poses to the community and will provide just punishment. PSR ¶ 65.[2]

Mr. Malvasi's offense was not a typical felon-in-possession crime. He purchased the instant gun when he was 19 years old (See Exhibit A); he is now 56 years old. Since the purchase,

---

[2] Mr. Malvasi has no objection to the guideline calculations.

3

he met and married his wife of 30 years, has lived at multiple residences, and has had three children ranging in age from 16-28 years old. Viewed through this lense, it is easy to understand how the gun got lost/forgotten in the shuffle.

The same is true of the charged ammunition. It was found in a closet that also contained forgotten items from Mr. Malvasi's youth, like a model train set. While it is regrettable that he forgot the ammunition was in the closet, it is easy to understand how it was overlooked given the large amount of guns and ammunition he had removed from the home over a decade ago. It is an inescapable fact of life that as we get older we collect, store, and discard items that we accumulate during our journey. For those items that are stored, it is commonplace over time for them to be forgotten; it is also not unusual for them to be stored with other forgotten items from the past. Mr. Malvasi's oversight is nothing unusual in the ordinary course of human events. While he is prepared to answer for this mistake, no amount of jail time will undo the frailties of the human memory. A prison sentence would overstate the seriousness of the offense, would not deter others, and would not protect the public from further crimes.

Mr. Malvasi has no history of violence or firearms offenses. He has prior felony tax convictions, but his current offense is unrelated and does not indicate that he has returned to past criminal behavior. In fact, this case stands in stark contrast to the garden variety felon in possession case. The usual case involves a convicted felon in possession of a gun/ammunition obtained *after* the felony conviction. Mr. Malvasi purchased the present gun and ammunition long before he was even charged with his first felony. It is clear he had no intention of using either; he had no gun to match the ammunition in the closet and had no ammunition to match the gun in the rafters.

Although Mr. Malvasi has had substance abuse issues while on pretrial release, the Court can best address that through treatment, not prison. "[D]iversion [to community-based treatment] provides positive net societal benefits to the United States and cost savings to the national criminal justice system." Gary A. Zarkin et al., *Lifetime Benefits and Costs of Diverting Substance-Abusing Offenders from State Prison* at 1, CRIME & DELINQUENCY (2012).[3] Mr. Malvasi's successful completion of inpatient treatment is surely a positive step in this direction.

Finally, Mr. Malvasi is a low recidivism risk. His age makes him significantly less likely to commit future crimes than other offenders. *See* U.S. SENTENCING COMMISSION, Recidivism Among Federal Offenders: A Comprehensive Overview, at 23.[4] In fact, in circumstances like these, the Department of Justice has noted that "prison can exacerbate, not reduce, recidivism." U.S. Dep't of Justice, Office of Justice Programs, Nat'l Institute of Justice, *Five Things About Deterrence*, at 2 (May 2016).[5]

### III.    Conclusion

Because of the unique circumstances of this case, Mr. Malvasi's nonviolent history, and his low risk of recidivism a probationary sentence is appropriate.

                                      Respectfully submitted,

                                      STEPHEN C. NEWMAN
                                      Federal Public Defender
                                      Ohio Bar: 0051928

---

[3] Available at: https://jpo.wrlc.org/bitstream/handle/11204/863/4342.pdf?sequence=1&isAllowed=y.

[4] Available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/ recidivism_overview.pdf.

[5] Available at: https://www.ncjrs.gov/pdffiles1/nij/247350.pdf.

*/s/Charles E. Fleming*
CHARLES E. FLEMING
Assistant Federal Public Defender
Ohio Bar: 0046778
1660 West Second Street, Suite #750
Cleveland, OH 44113
(216) 522-4856 Fax: (216)522-4321
E-mail: charles_fleming@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 27, 2018, a copy of the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                          */s/Charles E. Fleming*
                                                          CHARLES E. FLEMING
                                                          Assistant Federal Public Defender
                                                          Ohio Bar: 0046778